## SUPERIOR COURT

Jane C. Ring, Admx.
vs.                    Law No.59604
United Elec. Rys. Co.

RESCRIPT

January 27, 1925

TANNER, P. J. This case is heard upon demurrer to the second count.

It is an action for negligence in running down the plaintiff's intestate. One ground of demurrer is that the count does not allege that the intestate was in the exercise of due care. We think this is a good ground of demurrer.

On the other ground of demurrer the defendant argues that the plaintiff has alleged that the plaintiff's intestate was in a position of danger while walking across the street, but that he could not have been in a position of danger from the approaching car because he alleges that it was so far away that it could have been stopped before it reached the deceased, and that there, therefore, must have been some other danger that the plaintiff has failed to state.

This seems to us rather far fetched. We think it is sufficiently obvious that the danger was that the car might not be stopped although it could have been. Experience shows that cars are not always stopped when they might have been.

The defendant further argues that if the car was a sufficient distance away to have been stopped, that the defendant is entitled to know why the deceased remained in an alleged place of danger; but it surely can not be inferred that the deceased was not in danger if the car was not stopped though sufficiently far away for this to have been done. If the plaintiff adds the allegation that he was in the exercise of due care, this will sufficiently rebut any inference that he may not have used due diligence in going across the street or that he stopped unnecessarily.

We think, therefore, that the only good ground of demurrer to this count is the failure to allege due care on the part of the plaintiff's intestate.

For this reason only is the demurrer sustained.

For Plaintiff: E. C. Stiness, D. H. Morrissey and Francis J. O'Brien.

For Defendant: Clifford Whipple and A. R. Williams.